**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES CELLULAR CORPORATION, | |
| Plaintiff, | Case No. _____ |
| v. | |
| HOTLINE WIRELESS & MORE, INC. | |
| Defendant. | |

**VERIFIED COMPLAINT FOR**
**INJUNCTIVE AND OTHER RELIEF**

Plaintiff United States Cellular Corporation, ("U.S. Cellular"), for its complaint against

defendant Hotline Wireless & More, Inc. ("Hotline Wireless") alleges as follows:

**PARTIES**

1.      U.S. Cellular is a corporation organized and existing under the laws of the state of

Delaware with its principal place of business in Chicago, IL.

2.      On information and belief, Hotline Wireless is an Illinois corporation with its

principal place of business at 3938 W. Roosevelt Road, Chicago, IL  60624.

**JURISDICTION**

3.      This action arises  under the Lanham Act, 15 U.S.C. § 1051 et seq., and Illinois

common law.

4.      This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28

U.S.C. §§ 1331, 1338 and 1367, in that this is a civil action involving claims arising under the

laws of the United States, including an Act of Congress relating to trademarks, and wherein all

other claims are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy.

## NATURE OF THE CASE

5.     U.S. Cellular brings this action to protect the goodwill and consumer recognition associated with U.S. Cellular's trademark.

6.     As described more fully below, Hotline Wireless, without authorization or consent of U.S. Cellular is using the U.S. Cellular® trademark in connection with its wireless business. Hotline Wireless continues to use the U.S. Cellular® trademark despite U.S. Cellular's demand that Hotline Wireless cease and desist such use. Hotline Wireless' use of U.S. Cellular's mark is likely to lead consumers to incorrectly believe that Hotline Wireless and its store(s) are authorized, sponsored, or affiliated with U.S. Cellular and its well-known marks. Hotline Wireless' use of U.S. Cellular's mark should therefore be enjoined.

## COMMON ALLEGATIONS

7.     U.S. Cellular was formed in 1983 and is a regional provider of wireless telecommunications services. U.S. Cellular has served the Chicago market since 2002. U.S. Cellular's wireless service is primarily sold through a mix of retail stores owned by U.S. Cellular or owned by authorized independent agents.

8.     Since at least 1999, U.S. Cellular has continuously used a trademark consisting of a distinctive star design along with "U.S." (in red type) and "Cellular" (in blue type). to identify its goods and services:



9.      U.S. Cellular's trademark has been registered with the United States Patent and Trademark Office, registration No. 2,650,943, since 2002. (Ex. 1 (Certificate of registration and renewal documentation).) U.S. Cellular has developed and acquired common law trademark rights in the trademark by virtue of its long-standing use.

10.      The above-described mark is valid and subsisting and is incontestable pursuant to 15 U.S.C. § 1065.

11.      U.S. Cellular has invested substantial time, effort, and resources in promoting and marketing its services under and in connection with its trademark. For example, U.S. Cellular has promoted and marketed its services in connection with its trademark in print media, billboards, radio, and television advertising. In addition, U.S. Cellular maintains a website in which the U.S. Cellular trademark is used. U.S. Cellular has spent the following approximate amounts on advertising in each of the last five years:

- 2011    $ 257,668,000
- 2010    $ 265,226,000
- 2009    $ 256,861,000
- 2008    $ 277,777,000
- 2007    $ 229,200,000

12.      As a result of U.S. Cellular's continuous and extensive use of its trademark in connection with its goods and services, the trademark has developed considerable customer recognition and the public has come to identify the mark with U.S. Cellular wireless service and stores. Furthermore, U.S. Cellular's trademark has acquired distinctiveness and secondary meaning and U.S. Cellular now owns considerable and valuable goodwill in the U.S. Cellular trademark.

13.      Use of U.S. Cellular's trademark and related promotional materials are part of the benefit bargained for by authorized U.S. Cellular agents.

14.     The U.S. Cellular mark and the goodwill and reputation associated therewith have become, and currently are, one of U.S. Cellular's most valuable assets.

15.     On information and belief, since at least June 5, 2012, Hotline Wireless has prominently displayed the U.S. Cellular trademark on a sign on the face of its storefront at 3938 W. Roosevelt Road, Chicago, IL  60624.  And Hotline Wireless has displayed U.S. Cellular's trademark on a second sign near Hotline Wireless' storefront.

16.     Hotline Wireless' use of U.S. Cellular's mark was and continues to be committed without the permission, license, consent, or authorization of U.S. Cellular.

17.     Upon discovering Hotline Wireless' use of the mark, U.S. Cellular demanded that Hotline Wireless cease use of the mark as such use is likely to cause consumer confusion with the services U.S. Cellular offers under and in connection with its mark.  A copy of U.S. Cellular's June 5, 2012 cease and desist letter to Hotline Wireless is attached as Exhibit 2. However, Hotline Wireless has refused to respond to U.S. Cellular's request and  continues to display U.S. Cellular's mark.

18.     Pursuant to 15 U.S.C. § 1072, Hotline Wireless had constructive knowledge of U.S. Cellular's federally-registered mark prior to Hotline Wireless' unauthorized use of the mark.

## COUNT I

### Lanham Act – Trademark Infringement

19.     U.S. Cellular realleges and incorporates herein paragraphs 1 through 18 of this Complaint.

20.     Hotline Wireless' use of U.S. Cellular's trademark is likely to cause, has caused, and will continue to cause confusion, mistake, or deception as to the sponsorship, affiliation, or source of Hotline Wireless' business and merchandise in that consumers and others are likely to

believe that the signs displaying U.S. Cellular's trademark are legitimately connected with or approved by U.S. Cellular.

21.     The foregoing conduct constitutes trademark infringement under the trademark laws of the United States, including 15 U.S.C. § 1114(1).

22.     As a direct and proximate result of Hotline Wireless' infringement, U.S. Cellular has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

23.     In addition, as a direct and proximate result of Hotline Wireless' infringement, other persons and entities authorized by U.S. Cellular to use the mark have suffered, and will continue to suffer substantial damages in yet unascertained amounts which may prove difficult, if not impossible, to calculate with precision.

24.     U.S. Cellular has no adequate remedy at law because U.S. Cellular's mark is unique and represents to the public U.S. Cellular's identity, reputation and goodwill, such that damages alone cannot fully compensate U.S. Cellular for Hotline Wireless' misconduct.

25.     Unless enjoined by the Court, Hotline Wireless will continue to use and infringe U.S. Cellular's trademark to U.S. Cellular's irreparable injury.  This threat of future injury to U.S. Cellular's business identity, goodwill, and reputation requires injunctive relief to prevent Hotline Wireless' continued use of the U.S. Cellular mark and to ameliorate and mitigate U.S. Cellular's injuries.

26.     U.S. Cellular has not only a reasonable, but a substantial, likelihood of success on the merits due to Hotline Wireless' unauthorized reproduction, display, and use of U.S. Cellular's mark.

27.     The threat of harm to U.S. Cellular in the absence of the relief sought is substantially greater than the threat of any harm to Hotline Wireless should an injunction issue in that, among other things, U.S. Cellular faces substantial but difficult to calculate financial losses and irreparable damages to business, reputation, and goodwill, whereas the only "harm" imposed upon Hotline Wireless would consist of prohibiting it from profiting through the unauthorized use of U.S. Cellular's mark.

## COUNT II

### Common Law Trademark Infringement

28.     U.S. Cellular realleges and incorporates herein paragraphs 1 through 27 of this Complaint.

29.     U.S. Cellular is the owner of valid common law rights in the U.S. Cellular trademark which it has used continuously and in connection with the provision wireless services long prior to Hotline Wireless' unauthorized use of U.S. Cellular's mark.

30.     Hotline Wireless' aforesaid use of U.S. Cellular's trademark is likely to cause, has caused, and will continue to cause confusion, mistake, or deception as to the sponsorship, affiliation, or source of Hotline Wireless' business and merchandise in that consumers and others are likely to believe that the signs displaying U.S. Cellular's trademark are legitimately connected with or approved by U.S. Cellular in violation of Illinois common law.

31.     As a direct and proximate result of Hotline Wireless' infringement, U.S. Cellular has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

32.     In addition, as a direct and proximate result of Hotline Wireless' infringement, other persons and entities authorized by U.S. Cellular to use the mark have suffered, and will

continue to suffer substantial damages in yet unascertained amounts which may prove difficult, if not impossible, to calculate with precision.

33.     U.S. Cellular has no adequate remedy at law because U.S. Cellular's mark is unique and represents to the public U.S. Cellular's identity, reputation and goodwill, such that damages alone cannot fully compensate U.S. Cellular for Hotline Wireless' misconduct.

34.     Unless enjoined by the Court, Hotline Wireless will continue to use and infringe U.S. Cellular's trademark to U.S. Cellular's irreparable injury.  This threat of future injury to U.S. Cellular's business identity, goodwill, and reputation requires injunctive relief to prevent Hotline Wireless' continued use of the U.S. Cellular mark and to ameliorate and mitigate U.S. Cellular's injuries.

35.     U.S. Cellular has not only a reasonable, but a substantial, likelihood of success on the merits due to Hotline Wireless' unauthorized reproduction, display, and use of U.S. Cellular's mark.

36.     The threat of harm to U.S. Cellular in the absence of the relief sought is substantially greater than the threat of any harm to Hotline Wireless should an injunction issue in that, among other things, U.S. Cellular faces substantial but difficult to calculate financial losses and irreparable damages to business, reputation, and goodwill, whereas the only "harm" imposed upon Hotline Wireless would consist of prohibiting it from profiting through the unauthorized use of U.S. Cellular's mark.

<u>**COUNT III**</u>

**Lanham Act – False Designation of Origin**

37.     U.S. Cellular realleges and incorporates herein paragraphs 1 through 36 of this Complaint.

38. Hotline Wireless' acts complained of herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Hotline Wireless with U.S. Cellular, or as to the origin, sponsorship, or approval of Hotline Wireless' goods, services, or commercial activities in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

39. As a direct and proximate result of Hotline Wireless' conduct, U.S. Cellular has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

40. In addition, as a direct and proximate result of Hotline Wireless' conduct, other persons and entities authorized by U.S. Cellular to use U.S. Cellular's trademark have suffered, and will continue to suffer substantial damages in yet unascertained amounts which may prove difficult, if not impossible, to calculate with precision.

## Prayer For Relief

WHEREFORE, U.S. Cellular prays that this Court enter a judgment in its favor and against Hotline Wireless, and to enter an order granting U.S. Cellular the following relief:

a. Enjoining Hotline Wireless, its officers agents, servants, employees, and attorneys, and those persons in active concert or participation or privity with them, preliminarily during the pendency of this action and permanently thereafter from using any reproduction or copy of U.S. Cellular's trademark or any other material containing the U.S. Cellular trademark, and designation confusingly similar to such trademark, and from using such in connection with the advertising, promotion, marketing, or sale of Hotline Wireless' business;

b. Requiring Hotline Wireless to turn over to U.S. Cellular for destruction all signs, advertising materials, and all other documents and materials that use, contain, or employ U.S. Cellular's trademark and authorizing the United States Marshall to seize all such materials;

      c.        Directing Hotline Wireless to file with the Court and serve on U.S. Cellular within thirty days after the entry of both preliminary and permanent injunction, reports in writing and under oath setting forth in detail the manner and form in which Hotline Wireless has complied with the injunction;

      d.        Awarding U.S. Cellular its attorneys' fees and costs of this lawsuit;

      e.        Awarding all other relief this Court deems just, proper, and equitable.


Date:  June 25, 2012

                                      Respectfully submitted,

                                        UNITED STATES CELLULAR
                                        CORPORATION

                                        By:__/s/ Robert D. Leighton_____
                                            One of Its Attorneys

                                        Richard J. O'Brien
                                        Robert D. Leighton
                                        SIDLEY AUSTIN LLP
                                        One South Dearborn Street
                                        Chicago, Illinois 60603
                                        Telephone:  (312) 853-7000

STATE OF COOK COUNTY )
                              ) SS.
COUNTY OF COOK      )

## **VERIFICATION**

       Stephen P. Fitzell, being first duly sworn upon oath, deposes and states that he is the

General Counsel of United States Cellular Corporation ("U.S. Cellular"), the plaintiff herein; that

he is authorized to execute this verification on behalf of U.S. Cellular, that he has read the

foregoing complaint; and that the facts set forth therein are true and correct, except for those

matters alleged solely upon information and belief, and that as to such matters, he believes them

to be true.

_____
Stephen P. Fitzell

SUBSCRIBED AND SWORN to
Before me this 5th day
of June 2012

_____
Notary Public

"OFFICIAL SEAL"
GINA STREET
Notary Public, State of Illinois
My Commission Expires October 3, 2012

## <u>CERTIFICATE OF SERVICE</u>

Robert D. Leighton, an attorney, hereby certifies that he effected service by placing the

foregoing complaint with a special process server for hand delivery and mailing a copy of the

same via First Class Mail to:

      Hotline Wireless & More, Inc.
      c/o Amer Hijazi, Registered Agent and President
      3938 W. Roosevelt Road
      Chicago, IL 60624

On this 25th day of June, 2012.

                                   /s/ Robert D. Leighton

                                   Robert D. Leighton

CH1 6903097