

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITED STATES CELLULAR
CORPORATION,

             Plaintiff,

v.

HOTLINE WIRELESS & MORE, INC.

             Defendant.

Case No. 1:12-cv-05017

## TEMPORARY RESTRAINING ORDER

This cause has come to be heard on the motion of Plaintiff United States Cellular Corporation ("U.S. Cellular"), with this Court having reviewed and considered U.S. Cellular's Complaint, Motion For Temporary Restraining Order, Memorandum in Support of the Motion, and the declaration of Timothy Murphy, and having heard the arguments of counsel, pursuant to Fed. R. Civ. P. ("Rules") 52(a) and 65(d). Based on those submissions, this Court finds that U.S. Cellular has established a strong likelihood of its ability to prove that:

1.     U.S. Cellular possesses the exclusive right to use the U.S. Cellular trademark which is registered on the principal Register of the United States Patent and Trademark Office as Registration No. 2,650,943.

2.     U.S. Cellular is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Chicago, IL.

3.     U.S. Cellular has invested substantial time, effort and resources in promoting and marketing its services under and in connection with its trademark. By virtue of the foregoing, and U.S. Cellular's continuous and extensive use of its trademark in connection with its goods

and services, the trademark has developed considerable customer recognition and the public has come to identify the mark with U.S. Cellular wireless service and stores. U.S. Cellular's trademark has acquired distinctiveness and secondary meaning, and U.S. Cellular now owns considerable and valuable goodwill in the U.S. Cellular trademark.

4.      Defendant Hotline Wireless is an Illinois corporation with its principal place of business at 3938 W. Roosevelt Road, Chicago, IL 60624.

5.      Hotline Wireless has displayed U.S. Cellular's trademark on and near its storefront without the authority of U.S. Cellular to do so. Hotline Wireless has refused to discontinue its unauthorized use of the U.S. Cellular mark.

6.      U.S. Cellular is highly likely to succeed on the merits of its claims for trademark infringement and false designation of origin.

7.      U.S. Cellular will suffer immediate and irreparable injury for which there is no adequate remedy at law unless Hotline Wireless, its officers, agents, servants, employees, attorneys and those persons acting in concert or participation or privity with any of the foregoing are enjoined by this Court from further unauthorized use of U.S. Cellular's mark, in that such acts by Hotline Wireless (a) will cause confusion about the source of its merchandise and about whether it has any affiliation with U.S. Cellular and (b) will harm the good will and reputation of U.S. Cellular.

8.      U.S. Cellular's harm if its motion is denied would far outweigh any harm to Hotline Wireless if the motion is granted, given that Hotline Wireless has no legitimate interest in the use of U.S. Cellular's trademark.

9.      Finally, the factors identified in Paragraph 7 confirm that the public interest will be served by granting U.S. Cellular's Motion For Temporary Restraining Order.

This Court accordingly makes the findings and makes the conclusions stated in Paragraphs 6 through 9. Given those findings and conclusions, this Court determines that U.S. Cellular has satisfied all the requirements for the issuance of a temporary restraining order and hereby orders that:

(a)     Hotline Wireless and its officers, agents, servants, employees, attorneys and those persons acting in concert or participation or privity with any of the foregoing are hereby enjoined and restrained, for a period of 14 days from the date and time hereof, from advertising, promoting, distributing, displaying or using U.S. Cellular's trademark or confusingly similar marks or otherwise representing that they are an authorized U.S. Cellular agent or affiliated with U.S. Cellular in any way.

(b)     This cause is set for a status hearing at 9:15 am on July 9, 2012.

IT IS SO ORDERED.

Dated: June 27, 2012

ENTER:

United States District Judge

3