IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES CELLULAR CORPORATION,　　　　　　　Plaintiff,　　v.　　HOTLINE WIRELESS & MORE, INC.,　　　　　　　Defendant. | Case No. 1:12-cv-05017 |

MOTION FOR ENTRY OF JUDGMENT, RULE TO SHOW
CAUSE, AND ATTORNEYS' FEES

Plaintiff United States Cellular Corporation ("U.S. Cellular") hereby moves for three items of relief: (1) the entry of judgment against defendant Hotline Wireless & More, Inc. ("Hotline Wireless"); (2) issuance of an order for Hotline Wireless to show cause why it should not be held in contempt for its failure to comply with this Court's June 27, 2012 temporary restraining order (the "TRO") (Dkt. 13); and (3) a finding that this lawsuit is an "exceptional case" within the meaning of the Lanham Act so as to justify an award to U.S. Cellular of its attorneys' fees incurred herein. In support of this motion, U.S. Cellular states as follows:

1. On June 25, 2012, U.S. Cellular filed a verified complaint seeking, among other things, injunctive relief against Hotline Wireless' unauthorized use of U.S. Cellular's trademark. Hotline Wireless was served with summons and the verified complaint on June 25, 2012. A copy of the summons and an affidavit of service is attached as Exhibit A. Such service made Hotline Wireless' responsive pleading due July 16, 2012.

2. On June 27, 2012, the Court issued the TRO (Dkt. 13). U.S. Cellular served Hotline Wireless with the TRO on the same day. On July 3, 2012, U.S. Cellular sent Hotline

Wireless a follow up letter pointing out that Hotline Wireless' continued display of U.S. Cellular's trademark is a direct violation of this Court's order. As of July 18, 2012, Hotline Wireless continues to display two of the three signs containing U.S. Cellular's trademark that were on display when the TRO was entered. (Declaration of Timothy Murphy at ¶ 3.)

3. Because Hotline Wireless' continued display of U.S. Cellular's trademark is a violation of the TRO, Hotline Wireless should be ordered to show cause why it should not be held in contempt of court. A proposed order to show cause is attached as Exhibit B.

4. Hotline Wireless has not filed a responsive pleading. On July 23, 2012, this Court entered an order of default against Hotline Wireless. (Dkt. 16.)

5. This Court may grant a permanent injunction upon a showing by U.S. Cellular: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC,* 547 U.S. 388, 391 (2006).

6. In entering the TRO, the Court found:

> 6. U.S. Cellular is highly likely to succeed on the merits of its claims for trademark infringement and false designation of origin.
>
> 7. U.S. Cellular will suffer immediate and irreparable injury for which there is no adequate remedy at law unless Hotline Wireless, its officers, agents, servants, employees, attorneys and those persons acting in concert or participation or privity with any of the foregoing are enjoined by this Court from further unauthorized use of U.S. Cellular's mark, in that such acts by Hotline Wireless (a) will cause confusion about the source of its merchandise and about whether it has any affiliation with U.S. Cellular and (b) will harm the good will and reputation of U.S. Cellular.

>        8.   U.S. Cellular's harm if its motion is denied would far outweigh any harm to Hotline Wireless if the motion is granted, given that Hotline Wireless has no legitimate interest in the use of U.S. Cellular's trademark.
>
>        9.   Finally, the factors identified in Paragraph 7 confirm that the public interest will be served by granting U.S. Cellular's Motion For Temporary Restraining Order.

(Dkt. 13 at ¶¶ 6-9.)

    7.   Based upon the Verified Complaint and U.S. Cellular's Motion For Temporary Restraining Order, U.S. Cellular has made a *prima facie* case of trademark infringement and false designation of origin and established an entitlement to permanent injunction. Hotline Wireless has presented no evidence to the contrary. A proposed judgment is attached as Exhibit C.

    8.   Under 15 U.S.C. § 1117, upon establishing trademark infringement in a civil action, "The court in exceptional cases may award reasonable attorney fees to the prevailing party." Willful infringement justifies finding a case exceptional. *BASF Corp. v. Old World Trading Co., Inc.*, 41 F.3d 1081, 1099 (7th Cir. 1994) ("The Lanham Act allows for fees in 'exceptional' cases, 15 U.S.C. § 1117(a), which encompasses cases in which the acts of infringement are malicious, fraudulent, deliberate or willful.").

    9.   Here, the uncontested evidence is that Hotline Wireless' infringement has been willful, both before and after the issuance of the TRO. Accordingly, this Court should declare this case exceptional under § 1117 and award U.S. Cellular its costs, expenses, and attorneys' fees.

    WHEREFORE, U.S. Cellular prays that this Court:

  a. Enter judgment in favor of U.S. Cellular and against Hotline Wireless in the form attached hereto as Exhibit C, and

  b. Order Hotline Wireless to show cause why it should not be held in contempt of court for failure to comply with this Court's TRO.

Date:  July 23, 2012

Respectfully submitted,

UNITED STATES CELLULAR CORPORATION

By: /s/ Robert D. Leighton
  One of Its Attorneys

Richard J. O'Brien
Robert D. Leighton
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000

4

**CERTIFICATE OF SERVICE**

  Robert D. Leighton, an attorney, hereby certifies that he effected service by placing the foregoing document with a messenger for hand delivery and mailing a copy of the same via First Class Mail to:

  Hotline Wireless & More, Inc.
  c/o Amer Hijazi, Registered Agent
  3938 W. Roosevelt Road
  Chicago, IL  60624

On this 23rd day of July, 2012.

                /s/ Robert D. Leighton
                _____
                Robert D. Leighton